IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CR-23-D
No. 4:15-CV-152-D

| | | |
|---|---|---|
| JEROMEY KEITH MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On September 28, 2015, Jeromey Keith Mitchell ("Mitchell") moved pro se to vacate, set

aside, or correct his 264-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 49]. On December 18,

2015, Mitchell moved pro se for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. §

1B1.10, and Amendment 782 to the Sentencing Guidelines [D.E. 54]. On December 17, 2015,

Mitchell filed a second pro se motion under 28 U.S.C. § 2255 [D.E. 57]. On March 16, 2016,

Mitchell filed a supplemental response [D.E. 62]. On March 21, 2016, the government moved to

dismiss Mitchell's section 2255 motions [D.E. 66] and filed a memorandum in support [D.E. 67].

As explained below, the court grants the government's motion, dismisses Mitchell's section 2255

motions, and denies Mitchell's section 3582(c)(2) motion.

I.

On May 21, 2013, Mitchell pleaded guilty, without a plea agreement, to conspiracy to

distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) in violation

of 21 U.S.C. § 846 (count one), distributing a quantity of cocaine base (crack) in violation of 21

U.S.C. § 841(a)(1) (counts two through seven), and possession with intent to distribute a quantity

of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count eight). See Rule 11 Tr. [D.E.

44] 2–28. On February 10, 2014, at Mitchell's sentencing hearing, the court calculated Mitchell's advisory guideline range as 292 to 365 months' imprisonment based on a total offense level of 35 and a criminal history category of VI. See Sentencing Tr. [D.E. 43] 2–13; Presentence Investigation Report ("PSR") [D.E. 32] ¶ 71. After considering all relevant factors under 18 U.S.C. § 3553(a) and the arguments of counsel, the court sentenced Mitchell to 264 months on count one and 240 months on counts two through eight to be served concurrently with count one. See Sentencing Tr. 13–35.

Mitchell appealed. On September 29, 2014, the United States Court of Appeals for the Fourth Circuit affirmed Mitchell's sentence and rejected his argument that the sentence was substantively unreasonable. See United States v. Mitchell, 583 F. App'x 209, 209–10 (4th Cir. 2014) (per curiam) (unpublished).

On September 28, 2015, Mitchell filed his section 2255 motion. See [D.E. 49]. Mitchell makes four claims: (1) his trial counsel was constitutionally ineffective by failing to challenge subject-matter jurisdiction arising from alleged collusion between state and federal investigators; (2) his trial counsel was constitutionally ineffective by failing to challenge his federal indictment for local criminal conduct and to file a motion to suppress; (3) his trial counsel was constitutionally ineffective at sentencing by failing to challenge the drug weight or Mitchell's designation as a career offender; and, (4) his appellate counsel was constitutionally ineffective by failing to challenge the procedural reasonableness of Mitchell's sentence. See [D.E. 49] 5–7.

On December 17, 2015, Mitchell moved to amend his section 2255 motion to "correct the deficiencies in his original motion for relief." See [D.E. 52]. The court grants the motion to amend and considers the allegations. In the amendment, Mitchell contends that (1) trial counsel was constitutionally ineffective by advising Mitchell to plead guilty even though the federal indictment allegedly violated Mitchell's "due process" right to be prosecuted under North Carolina law,

2

constituted "selective prosecution," and was not based on proper federal subject-matter jurisdiction; (2) trial counsel was constitutionally ineffective by failing to move to suppress Mitchell's "statements and confessions"; (3) trial counsel was constitutionally ineffective by failing to advise Mitchell of the elements of offenses in the indictment; and, (4) appellate counsel was constitutionally ineffective by failing to challenge his sentence as procedurally unreasonable. See [D.E. 57] 4–7. On March 16, 2016, Mitchell filed a supplemental memorandum [D.E. 62].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. It also may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

At his Rule 11 hearing, Mitchell stated under oath that he had consulted with his counsel about the charges to which he was pleading guilty, that he was fully satisfied with his counsel's

3

performance, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. 12–15, 21–22. Mitchell also swore that he understood the charges to which he was pleading guilty and understood the maximum penalties provided for the charges. See id. 16–18. Mitchell stated that he understood all the trial rights that he would waive by pleading guilty and the direct and collateral consequences of pleading guilty. See id. 5–7, 20–23. Mitchell also then swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum on each count. See id. 20–24.

At the end of his Rule 11 hearing, Mitchell pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 24–26. The court then accepted Mitchell's guilty plea. See id. 26–28.

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in

4

violation of the Sixth Amendment, Mitchell must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

As for Mitchell's contention that his trial counsel was ineffective by failing to challenge this court's subject-matter jurisdiction due to alleged collusion between state and federal investigators, the contention does not plausibly allege deficient performance. See Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Congress acted pursuant to the Constitution's Commerce Clause in enacting 21 U.S.C. §§ 841 and 846. See, e.g., United States v. Leshuk, 65 F.3d 1105, 1111–12 (4th Cir. 1995). As such, this court had subject-matter jurisdiction. See id.; see also 18 U.S.C. § 3231; cf. Bond v. United States, 134 S. Ct. 2077, 2086 (2014); United States v. Lopez, 514 U.S. 549, 567 (1995). Moreover, the Constitution does not prohibit state and federal investigators from discussing a case or deciding independently whether to prosecute. See, e.g., Heath v. Alabama, 474 U.S. 82, 89–90 (1985). Furthermore, state and federal authorities each work for separate sovereigns. See id. The Sixth Amendment does not require counsel to file baseless motions, and Mitchell's argument is baseless. See Knowles, 556 U.S. at 126–27. Thus, Mitchell's first claim fails.

5

As for Mitchell's contention that his trial counsel was constitutionally ineffective by failing to challenge his federal indictment for local criminal conduct, this contention fails to plausibly allege deficient performance. Congress properly enacted 21 U.S.C. §§ 841 and 846. See, e.g., Leshuk, 65 F.3d at 1111–12. As such, this court had jurisdiction, and the claim fails.

As for Mitchell's contention that his trial counsel was constitutionally ineffective at sentencing by failing to challenge the drug weight or Mitchell's designation as a career offender, Mitchell's counsel did challenge Mitchell's designation as a career offender. See Sentencing Tr. 5–13. The court, however, properly overruled the objection. See id. Thus, there was no deficient performance. As for drug weight, Mitchell's vague objection about drug weight does not plausibly allege deficient performance. See, e.g., United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013). Accordingly, the claim fails.

As for Mitchell's contention that his trial counsel was constitutionally ineffective by advising Mitchell to plead guilty even though the federal indictment allegedly violated his "due process" rights to be prosecuted under North Carolina law, constituted "selective prosecution," and was not based on proper federal subject-matter jurisdiction, the claim fails to plausibly allege deficient performance. First, Mitchell had no "due process" right to be prosecuted only by the state of North Carolina. See, e.g., Heath, 474 U.S. at 89–90. To the extent the claim concerns any alleged agreement between Mitchell and the Carteret County Sheriff's Office to not refer Mitchell's case to the federal government, any such agreement does not bind the federal government. See, e.g., United States v. McIntosh, 612 F.2d 835, 837 (4th Cir. 1979). To the extent the claim concerns selective prosecution, Mitchell has not plausibly alleged selective prosecution. See, e.g., United States v. Bass, 536 U.S. 862, 863–64 (2002) (per curiam); United States v. Armstrong, 517 U.S. 456, 464–68 (1996); Wayte v. United States, 470 U.S. 598, 608–10 (1985); Oyler v. Boles, 368 U.S. 448, 456

6

(1962); Yick Wo v. Hopkins, 118 U.S. 356, 368–74 (1886). Furthermore, the court already has explained why it had subject-matter jurisdiction. Thus, the claim fails.

As for Mitchell's contention that trial counsel was constitutionally ineffective by failing to move to suppress Mitchell's "statements and confessions," this vague allegation does not plausibly allege deficient performance or prejudice. See, e.g., Dyess, 730 F.3d at 359–60. Thus, the claim fails.

As for Mitchell's contention that trial counsel was constitutionally ineffective because counsel never explained the elements of each charge to which Mitchell was pleading guilty, during Mitchell's Rule 11 proceeding, Mitchell swore under oath that he had discussed his case with his lawyer. See Rule 11 Tr. 12–13. Moreover, during the Rule 11 proceeding, this court also explained the elements of the charge to which Mitchell was pleading guilty. See id. 15–20. Mitchell's sworn statements at his Rule 11 proceeding bind him and defeat his claim of ineffective assistance of counsel. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 & n.4 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Thus, the claim fails.

As for Mitchell's contention that his appellate counsel was constitutionally ineffective by failing to challenge the procedural reasonableness of Mitchell's sentence, this vague allegation does not plausibly allege deficient performance or prejudice. See, e.g., Dyess, 730 F.3d at 359–60. Moreover, in light of this court's alternative variant sentence, any procedural unreasonableness claim would have failed. See Sentencing Tr. 33–34; United States v. Gomez-Jimenez, 750 F.3d 370, 382–84 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 162 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir. 2011). Thus, the claim fails.

7

After reviewing the claims presented in Mitchell's motion, the court finds that reasonable jurists would not find the court's treatment of Mitchell's claims debatable or wrong and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

On December 18, 2015, Mitchell moved pro se for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 54]. Mitchell, however, is a career offender and is not eligible for relief under Amendment 782. See, e.g., United States v. Avent, 633 F. App'x 176, 176 (4th Cir. 2016) (per curiam) (unpublished); United States v. Hall, 627 F. App'x 266, 266–67 (4th Cir. 2016) (per curiam) (unpublished); United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014) (per curiam). Morever, Mitchell's offense conduct involved more than 25.2 kilograms of cocaine base. See PSR ¶¶ 12, 60. Even under Amendment 782, a person whose offense conduct involved more that 25.2 kilograms of cocaine base is not entitled to relief. See, e.g., United States v. Gay, 771 F.3d 681, 683 n.1 (10th Cir. 2014); see also United States v. Hutchins, 634 F. App'x 783, 785 (11th Cir. 2016) (per curiam) (unpublished). Thus, the court denies Mitchell's motion for a sentence reduction.

Alternatively, even if the court has discretion to reduce Mitchell's sentence, the court would not reduce his sentence.[1] The court finds that Mitchell engaged in a serious conspiracy to distribute and possess with intent to distribute a very large amount of crack cocaine. See PSR ¶¶ 1–12.

---

[1] See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).

Furthermore, Mitchell has a disturbing criminal history, including violence and numerous serious drug offenses. See id. ¶¶ 16–27. Moreover, while incarcerated on his federal sentence, it is unclear whether Mitchell has taken any positive steps. Cf. [D.E. 54]; Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Mitchell received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Mitchell's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Mitchell's serious criminal conduct and criminal history do not support reducing Mitchell's sentence. Thus, the court would deny Mitchell's motion for reduction of sentence even if the court had discretion to reduce the sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

### III.

In sum, the court GRANTS Mitchell's motion to amend [D.E. 52], GRANTS the government's motion to dismiss [D.E. 66], DISMISSES Mitchell's section 2255 motions [D.E. 49, 57], DENIES Mitchell's motion to reduce his sentence [D.E. 54], and DENIES a certificate of appealability.

SO ORDERED. This 13 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge

9