IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CR-23-D
No. 4:15-CV-152-D

| | |
|---|---|
| JEROMEY KEITH MITCHELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On September 28, 2015, Jeromey Keith Mitchell ("Mitchell") moved pro se to vacate, set aside, or correct his 264-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 49]. On December 17, 2015, Mitchell filed a second pro se motion under 28 U.S.C. § 2255 [D.E. 57]. On December 18, 2015, Mitchell moved pro se for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines [D.E. 54]. On March 16, 2016, Mitchell filed a supplemental memorandum [D.E. 62]. On March 21, 2016, the government moved to dismiss Mitchell's section 2255 motions [D.E. 66] and filed a memorandum in support [D.E. 67]. On June 13, 2016, the court granted the government's motion, dismissed Mitchell's section 2255 motions, and denied Mitchell's section 3582(c)(2) motion [D.E. 74]. The court also denied a certificate of appealability ("COA"). See id. at 9. On the same date, the clerk entered judgment [D.E. 75]. On July 11, 2016, Mitchell moved for reconsideration [D.E. 76], which the court denied on July 13, 2016 [D.E. 77]. On August 15, 2016, Mitchell appealed [D.E. 78], and on January 30, 2017, the United States Court of Appeals dismissed the appeal [D.E. 81, 82].

On June 26, 2017, Mitchell again moved for reconsideration, citing Federal Rules of Civil Procedure 59(e) and 60(b). See [D.E. 86, 87].[1] Mitchell asks the court to "to apply the correct legal standard and issue the COA upon reconsideration of its denial in light of the holding in Buck v. Davis, 137 S. Ct. 759 (2017)." [D.E. 86] 1–3. Mitchell also contends that "[c]ounsel provide[d] ineffective assistance for failing to file a motion to suppress evidence and statements after [he] was arrested subsequent to a search at a different location and transported to the place to be searched in custody[,]" and "request[s] the Court GRANT him a COA on the issue of the violation of his Fourth Amendment rights and remand to the District Court to hold an[] evidentiary hearing on the matter." [D.E. 87] 3, 9.

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for any other reason that justifies relief." Aikens, 652 F.3d at 500 (quotation omitted). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that he has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant the relief. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If a movant satisfies these threshold

---

[1] The court does not analyze the motion under Rule 59(e) because it is untimely. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc). Thus, July 11, 2016, was Mitchell's deadline to file a motion under Rule 59(e). See, e.g., Fed. R. Civ. P. 6(a); Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D. Md. Mar. 13, 2014) (unpublished), aff'd, 584 F. App'x 68 (4th Cir. 2014) (per curiam) (unpublished). Mitchell placed both motions in the mail on June 22, 2017. See [D.E. 86] 5; [86-1, 87-2]; [D.E. 87] 9. The court received the motion(s) as filed on June 26, 2017. See [D.E. 86] 1; [D.E. 87] 1. The court cannot extend the time for filing motions under Rule 59(e). Fed. R. Civ. P. 6(b)(2); see Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001).

conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266.

"A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see Aikens, 652 F.3d at 500 n.3. Mitchell field his motion more than one year after the entry of this court's order. Thus, Mitchell's motion is untimely under reasons (1), (2), and (3). As for the fourth and fifth reasons, Mitchell has not argued or demonstrated that the judgment is void or has been satisfied. Thus, he may not proceed under Rule 60(b)(4) or (5).

In order to obtain relief under Rule 60(b)(6), Mitchell's motion must "be filed on 'just terms' and within 'a reasonable time.'" Aikens, 652 F.3d at 501. Mitchell also must show "extraordinary circumstances" justifying relief. Id. at 500.

> Rule 60(b) applies to § 2255 proceedings, but only to the extent that it is not inconsistent with applicable statutory provisions and rules. Therefore, a Rule 60(b) motion in a habeas proceeding that attacks "the substance of the federal court's resolution of a claim on the merits" is not a true Rule 60(b) motion, but rather a successive habeas petition. Gonzalez [ v. Crosby, 545 U.S. 524,] 531–32 [(2005)]. A successive habeas petition may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A). A Rule 60(b) motion that challenges "some defect in the integrity of the federal habeas proceedings," however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement. Id.

United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (some internal alterations, quotation and citation omitted).

The Supreme Court's holding in Buck does not constitute "extraordinary circumstances" warranting relief. See Montague v. Lee, No. 2:03-CV-113-JRG-MCLC, 2018 WL 505906, at *2–3 (E.D. Tenn. Jan. 22, 2018) (unpublished); United States v. Fleming, No. CR H-07-513-01, 2017 WL 3411920, at *1 (S.D. Tex. June 21, 2017) (unpublished), appeal dismissed, 694 F. App'x 349 (5th

3

Cir. 2017) (per curiam) (unpublished). To the extent Mitchell raises a new claim concerning ineffective assistance of counsel for failing to move to suppress the evidence against him under the Fourth Amendment, or seeks to expand upon his previously vague reference to a motion to suppress, the court cannot consider Mitchell's argument absent authorization from the court of appeals. See, e.g., Gonzalez, 545 U.S. at 532; McRae, 793 F.3d at 397–98. Thus, the court denies the motions.

In sum, the court DENIES petitioner's motions for reconsideration [D.E. 86–87], and DENIES a certificate of appealability.

SO ORDERED. This 19 day of February 2018.

JAMES C. DEVER III
Chief United States District Judge